UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62126-CIV-WILLIAMS/SELTZER

CALVIN L. COUCH,

      Plaintiff,

vs.

BROWARD COUNTY, AL LAMBERTI,
CANINE CHANCE, ANDREW B. WEIMAN,
JOSEPH CORSI, KEVIN MCCLEAN, and
MICHAEL CONROY,

      Defendants.

_____/

<u>ORDER DENYING PLAINTIFF'S PETITIONS FOR JUDICIAL NOTICE</u>

      THIS CAUSE is before the Court on seven separate Petitions for Judicial Notice filed by *pro se* Plaintiff Calvin L. Couch.  Federal Rule of Evidence 201 governs judicial notice of adjudicated facts.[1]  Under Rule 201, "courts can take notice of certain facts

---

      [1]  Rule 201 applies only to requests to take judicial notice of adjudicative facts; it does not govern judicial notice of legislative facts or judicial notice of law.  In a concurring opinion, the court in <u>Getty Petroleum Marketing, Inc. v. Capital Terminal Co</u>., 391 F.3d 312 (1st Cir. 2004), explained the different types of judicial notice:

> "Adjudicative" facts, which are governed by Fed.R.Evid. 201, are "simply the facts of the particular case."  Fed. R. Evid. 201(a) advisory committee's note. "Legislative facts," by contrast, include facts "which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." <u>Id.</u> . . . Judicial notice of legislative facts is not governed by Rule 201. Fed.R.Evid. 201(a); Fed.R.Evid. 201(a) advisory committee's note. Judicial notice of law is the name given to the commonsense doctrine that the rules of evidence governing admissibility and proof of documents generally do not make sense to apply to statutes

without formal proof but only where the fact in question is 'one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"  Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997) (en banc) (quoting Fed. R. Civ. P. 201(b)).  "For example, the kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958."  Id. "The taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court."  Id.; see also Getty Petroleum Mktg., Inc. v. Capital Terminal Co. 391 F.3d 312, 321 (1st Cir. 2004) (concurring opinion) ("Judicial notice of fact is an evidentiary shortcut.  It permits facts in a particular case to be established without proof by admissible evidence. . . ."); Fed. R. Civ. P. 201(g) ("In a civil action or proceeding, the court

---

or judicial opinions-which are technically documents-because they are presented to the court as law, not to the jury as evidence. See John W. Strong, McCormick on Evidence § 335 (5th ed. 1999) ("The heavy-footed common law system of proof by witnesses and authenticated documents is too slow and cumbrous for the judge's task of finding what the applicable law is."). In the federal system, "[t]he law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof." Lamar v. Micou, 114 U.S. 218, 223, 5 S.Ct. 857, 29 L.Ed. 94 (1885); White v. Gittens, 121 F.3d 803, 805 n. 1 (1st Cir.1997).

Id. at 322 n.12.

shall instruct the jury to accept as conclusive any fact judicially noticed.").  "The party requesting judicial notice bears the burden of persuading the court that the particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source whose accuracy cannot reasonably be questioned." Rodriguez v. Unknown-Named Disciplinary Hearings Agent, No. 02:09-cv-02195-FCD KJN PS, 2010 WL 1407772, at *2 (E.D. Cal.  Mar. 9, 2010) (internal quotation marks omitted).

After carefully considering Plaintiff's Petitions to Take Judicial Notice, this Court concludes that all Petitions must be denied for a variety of reasons.  First, and most significantly, even after reviewing each of Plaintiff's lengthy[2] Petitions several times, this Court has been unable to identify the specific "facts" that Plaintiff requests the Court to judicially notice.[3]  See Colonial Leasing Co. of New England, Inc. v. Logistics Control Group Int'l, 762 F.2d 454, 459 (5th Cir. 1985) ("The identity of the adjudicative fact of which the court intends to take notice is, of course, the threshold issue in examining the propriety of judicial notice.").  For the most part, Plaintiff's Petitions consist of ramblings about various, oft-repeated subjects that either are not appropriate for judicial notice and/or have no relevance to the instant action.  See Hargis v. Access Capital Funding, LLC, 674 F.3d

---

[2]  One of Plaintiff's Petitions is 41 pages (exclusive of attachments) (DE 15) and another Petition is 34 pages (exclusive of attachments) (DE 11); together, the 7 Petitions total 122 pages (exclusive of attachments).

[3]  The Court notes that one of Plaintiff's Petitions (DE 41) is styled "Petition to Take Judicial Notice . . . Recognizing Abraham Lincoln's Birthday."  An examination of the Petition, however, reveals that Plaintiff never specifically requests that the Court take judicial notice of Abraham Lincoln's birthday.  The only mention of Abraham Lincoln in the 41-page Petition is that the case number of the instant case – 62126 –  includes Abraham Lincoln's birthday –  2-12 – and that "Abraham's Lincoln's birthday 2+1=2 be 5 million dollars United States currency," and that Abraham Lincoln was humble as is Plaintiff.

3

783, 793 (8th Cir. 2012) ("Courts are not required to take judicial notice of irrelevant materials."); <u>Gisclair v. Galliano Marine Service</u> No. 05-5223, 2007 WL 1238902, at *2 (E.D. La. Apr. 2007) ("[I]t is generally agreed that courts may not take judicial notice of irrelevant facts. . . ."). Additionally, in some Petitions, Plaintiff indicates that he has attached documents, but has failed to do so, and he has attached documents to other Petitions that do not appear to have any bearing on the instant case, such as a certificate indicating Plaintiff's father was honorably discharged from the United States Army and portions of an (unidentified) article discussing attorney Howard Finklestein's opinion about funding cuts to the state courts. <u>See</u> <u>Northview Christian Church, Inc. v. J & J Group, Inc.</u>, No. 4:10-cv-382-BLW, 2011 WL 1539714, at *1 (D. Idaho Apr, 21, 2011) (court declined to take judicial notice of documents without knowing the purpose for which the plaintiff intended to use them).

In <u>Mascitti v. Quarterman</u>, No. C-09-093, 2009 WL 4728003, at*1 (S.D. Tex. Dec. 3, 2009), the court denied a motion to take judicial notice for the following reasons:

> First, [the petitioner's] motion fails to provide "a careful delineation of the fact to be noticed." 21B Charles Alan Wright & Kenneth Graham, <u>Federal Practice and Procedure</u> § 5107.1 (2d ed.2005). Second, it does not establish "the purpose and relevance of the noticed fact." <u>Id.</u> Third, petitioner also does not include in his motion any "authority for noticing the fact." <u>Id.</u> Fourth, he fails to provide "the source of '<u>indisputable accuracy</u>' for an 'ascertainable fact' under Rule 201(b)(2)." <u>Id.</u> (emphasis added). Failure to address any one of these factors would arguably undercut a request for judicial notice. Collectively, petitioner's failure to address these factors dooms his motion.

<u>Id.</u> (emphasis in original). Plaintiff's Petitions to Take Judicial Notice in the instant case suffer from the same (and more) deficiencies as the motion to take judicial notice in

<u>Mascitti</u>. And just as in <u>Mascitti</u>, these deficiencies "doom" Plaintiff's Petitions here. Accordingly, it is hereby ORDERED that the following Petitions to Take Judicial Notice are DENIED:

    1.    Plaintiff's Petition to Take Judicial Notice II (DE 5);

    2.    Plaintiff's Petition to Take Judicial Notice (DE 6);

    3.    Plaintiff's Petition to Take Judicial Notice III [plus] Writ of Error Supreme (DE 11);

    4.    Plaintiff's Petition to Take Judicial Notice (DE 12);

    5.    Plaintiff's Petition to Take Judicial Notice IV (DE 13);

    6.    Plaintiff's Petition to Take Judicial Notice V (DE 14); and

    7.    Plaintiff's Petition to Take Judicial Notice Writ of Error (DE 15).

**Plaintiff is advised that any Petition or Motion to Take Judicial Notice in the future must identify the authority under which he brings the Petition or Motion, clearly and concisely identify the fact or law that he wishes the Court to judicially notice and the purpose and relevancy of the noticed fact. Additionally, for adjudicative facts, Plaintiff must provide the source of indisputable accuracy for an ascertainable fact under Rule 201(b)(2). Failure to do so may result in the Court summarily denying the Petition or Motion to Take Judicial Notice.**

DONE AND ORDERED in Fort Lauderdale, Florida, this 5th day of June 2012.


_____
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

5

Copies to:

Calvin L. Couch
1595 SW 3rd Avenue
Dania Beach, FL 33004